IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENDA M. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv710-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Brenda M. Cooper ("Cooper"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. Cooper then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

now before the court for review pursuant to 42 U.S.C. § 405 (g) and § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. § 404.1520, §416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  Administrative Proceedings

Cooper was 50 years old at the time of the hearing before the ALJ. (R. 442.) She is a high school graduate and attended four years of college. (*Id*.) Cooper's prior work experience includes working as a part-time kindergarten teacher, a nurse, and a medical records clerk. (R. 83, 443.) Cooper alleges that she became disabled due to osteoporosis,

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

multiple fractures, right shoulder replacement, fibromyalgia, anxiety, and depression. (R. 82, 444, 446, 448, 450.)  The ALJ found that Cooper's history of comminuted fracture of the right humeral head (status post right shoulder hemiarthroplasty), fracture of the left distal radius and ulna (status post closed reduction and external fixation), osteoporosis, and fibromylagia were severe impairments. (R. 17.)  Next, the ALJ determined that Cooper has the residual functional capacity to perform light work activity and that she is capable of performing her past relevant work as an outpatient clerk. (R. 22, 28.)  Accordingly, the ALJ concluded that Cooper is not disabled. (R. 29.)

### IV.  The Plaintiff's Claims

As stated by Cooper, she presents the following issues for the court's review:

(1) The Commissioner's decision should be reversed, because the ALJ's RFC fining only finds support from the opinions expressed by the non-examining State agency consultant.

(2) The Commissioner's decision should be reversed, because the Appeals Council erroneously denied Ms. Cooper's request for review in light of the material evidence submitted thereto that further undermined the ALJ's RFC finding.

(3) The Commissioner's decision should be reversed, because the ALJ improperly acted as both judge and physician.

(4) The Commissioner's decision should be reversed, because the ALJ failed to conduct a proper credibility analysis.

(Doc. No. 17, p. 11.)

### V.  Discussion

Cooper raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of Cooper's specific arguments because the court concludes that the ALJ erred as a matter of law, and thus, this case is due to be remanded for further proceedings. Specifically, the court finds that the Commissioner failed to resolve conflicts in the evidence.

In his decision, the ALJ discounted the opinion of Dr. Steven Davis, Cooper's treating physician, on the grounds that the general practitioner was not a specialist and that Cooper had received the majority of her treatment from specialists, including Dr. Robert Dean Lolley, an orthopaedic surgeon. (R. 27.) The ALJ noted that Dr. Davis' opinion in a physical capacities evaluation form that Cooper would rarely be able to perform pushing and pulling movements, climbing, gross manipulation, overhead reaching, or other physical activities during a work day was inconsistent with Dr. Lolley's clinical findings. (*Id.*) The ALJ specifically noted that Cooper was treated for her shoulder condition until September 22, 2005, and that

> [d]uring this period, the claimant was seen by Dr. Lolley six times, and he characterized the claimant's shoulder x-rays as showing "good alignment." . . . Dr. Lolley recommended the claimant engage in physical therapy for her right shoulder. The claimant's physical therapy started with passive range of motion immediately after her operation, but progressed to include active range of motion and strengthening exercises. On January 17, 2005, Dr. Lolley told the claimant not to engage in any "heavy activities," but he had previously told the claimant that she could

5

> perform her daily personal care tasks. The claimant complained of discomfort, and examinations did show diminished range of motion in the shoulder. However, the claimant remained neurovascularly intact, and Dr. Lolley encouraged her to begin exercising at home. Also after his last examination of the claimant on September 22, 2005, Dr. Lolley recommended she not return to him for at least *two years*, or before if she had acute symptoms. . . .

(R. 26.)

After the ALJ entered his decision to deny benefits, Cooper submitted additional evidence, including a June 28, 2006, physical capacities evaluation form completed by Dr. Lolley, to the Commissioner. (R. 427.) The Appeals Council concluded that the additional information did not provide a basis for changing the ALJ's determination.[4] (R. 6.) Thus, the proper inquiry is whether the Appeals Council's decision to deny benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *See Ingram v. Astrue*, 496 F.3d 1252, 1262-64 (11th Cir. 2007).

This court, however, is unable to determine whether the Commissioner's decision is supported by substantial evidence because the Appeals Council failed to resolve inconsistencies in the record. In his analysis, the ALJ relied on Dr. Lolley's treatment records between October 2004 and September 2005 to discount Dr. Davis' opinion that Cooper would be unable to lift more than five pounds occasionally, would be unable to sit or stand more than two hours a day, and would rarely be able to perform pushing and pulling

---

[4] The court notes that, in its list of additional evidence, the Appeals Council lists Exhibit AC-2 as a physical capacities evaluation form and other medical records prepared by Dr. Davis. It is clear, however, that the physical capacities evaluation form was prepared by Dr. Lolley and the treatment record was prepared by Dr. Soh. (R. 425-427.)

6

movements, climb stairs, perform gross manipulation, reach overhead, or work with hazardous machinery, and that her right shoulder condition, as well as her marked arthralgia and myalgia, would prevent her from performing activities. (R. 390.) The additional medical records submitted to the Appeals Council indicate that, in June 2006, Dr. Lolley completed a physical capacities evaluation form, in which he concluded that Cooper would never be able to push or pull with her right arm, climb ladders, or do any overhead reaching or gross manipulation. (R. 427.) An administrative law judge has a duty to develop a full and fair record. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985). When there is a conflict, inconsistency, or ambiguity in the record, the ALJ has an obligation to resolve the conflict, giving specific reasons supported by the evidence as to why he accepted or rejected an opinion regarding the plaintiff's capacity for work. When affirming the ALJ's decision to discount the opinion of Dr. Davis by relying on the Dr. Lolley's medical records, the Appeals Council failed to reconcile the opinion expressed by Dr. Lolley in his June 2006 physical capacities evaluation with his prior treatment records. Given these inconsistencies, this court is unable to determine whether the Commissioner's finding that Cooper can return to her past work as an outpatient clerk is supported by substantial evidence.

The Commissioner argues that this additional evidence makes no difference because the decision is supported by substantial evidence.

> Dr. Lolley's opinion is inconsistent with the record as a whole. Dr. Lolley opined that Plaintiff could never reach overhead with her right arm but Dr. Soh noted that Plaintiff had a normal range of motion in her right arm. (Tr. 427, 409). Plaintiff also had full muscle strength contrary to the assessment indicating that she could only lift five pounds occasionally and one pound

>frequently. (Tr. 409, 427). Furthermore, Dr. Lolley indicated that he would not need to see Plaintiff for two years, which is inconsistent with the limitations imposed in the medical assessment. (Tr. 391).

(Comm'r Br. at 6)

The Commissioner's argument proves the point. There are inconsistencies in the record which the Commissioner through the ALJ has the responsibility to resolve. The Commissioner's argument essentially asks the court to ignore evidence which does not support the Commissioner's decision. However, it is the Commissioner's responsibility through the ALJ to resolve inconsistencies, not the court. *See e.g., Newton v. Apfel*, 209 F.3d 448, 454 (5th Cir. 2000).

Consequently, this case is due to be reversed and remanded to the Commissioner.

## V. Conclusion

Accordingly, the court concludes that this case be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order shall accompany this opinion.

Done this 16th day of July, 2008.

                                            /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE