IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENDA M. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv710-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. Introduction**

The plaintiff, Brenda M. Cooper ("Cooper"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. Cooper then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

now before the court for review pursuant to 42 U.S.C. § 405 (g) and § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. § 404.1520, §416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).³

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Administrative Proceedings

Cooper was 50 years old at the time of the hearing before the ALJ. (R. 442.) She is a high school graduate and attended four years of college. (*Id*.) Cooper's prior work experience includes working as a part-time kindergarten teacher, a nurse, and a medical records clerk. (R. 83, 443.) Cooper alleges that she became disabled due to osteoporosis,

---

³ *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

multiple fractures, right shoulder replacement, fibromyalgia, anxiety, and depression. (R. 82, 444, 446, 448, 450.) The ALJ found that Cooper's history of comminuted fracture of the right humeral head (status post right shoulder hemiarthroplasty), fracture of the left distal radius and ulna (status post closed reduction and external fixation), osteoporosis, and fibromylagia were severe impairments. (R. 17.) Next, the ALJ determined that Cooper has the residual functional capacity to perform light work activity and that she is capable of performing her past relevant work as an outpatient clerk. (R. 22, 28.) Accordingly, the ALJ concluded that Cooper is not disabled. (R. 29.)

### IV.  The Plaintiff's Claims

As stated by Cooper, she presents the following issues for the court's review:

(1) The Commissioner's decision should be reversed, because the ALJ's RFC fining only finds support from the opinions expressed by the non-examining State agency consultant.

(2) The Commissioner's decision should be reversed, because the Appeals Council erroneously denied Ms. Cooper's request for review in light of the material evidence submitted thereto that further undermined the ALJ's RFC finding.

(3) The Commissioner's decision should be reversed, because the ALJ improperly acted as both judge and physician.

(4) The Commissioner's decision should be reversed, because the ALJ failed to conduct a proper credibility analysis.

(Doc. No. 17, p. 11.)

### V.  Discussion

Cooper raises several issues and arguments related to this court's ultimate inquiry of

whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of Cooper's specific arguments because the court concludes that the ALJ erred as a matter of law, and thus, this case is due to be remanded for further proceedings. Specifically, the court finds that the Commissioner failed to resolve conflicts in the evidence.

In his decision, the ALJ discounted the opinion of Dr. Steven Davis, Cooper's treating physician, on the grounds that the general practitioner was not a specialist and that Cooper had received the majority of her treatment from specialists, including Dr. Robert Dean Lolley, an orthopaedic surgeon. (R. 27.) The ALJ noted that Dr. Davis' opinion in a physical capacities evaluation form that Cooper would rarely be able to perform pushing and pulling movements, climbing, gross manipulation, overhead reaching, or other physical activities during a work day was inconsistent with Dr. Lolley's clinical findings. (*Id*.) The ALJ specifically noted that Cooper was treated for her shoulder condition until September 22, 2005, and that

> [d]uring this period, the claimant was seen by Dr. Lolley six times, and he characterized the claimant's shoulder x-rays as showing "good alignment." . . . Dr. Lolley recommended the claimant engage in physical therapy for her right shoulder. The claimant's physical therapy started with passive range of motion immediately after her operation, but progressed to include active range of motion and strengthening exercises. On January 17, 2005, Dr. Lolley told the claimant not to engage in any "heavy activities," but he had previously told the claimant that she could perform her daily personal care tasks. The claimant complained of discomfort, and examinations did show diminished range of

> motion in the shoulder. However, the claimant remained neurovascularly intact, and Dr. Lolley encouraged her to begin exercising at home. Also after his last examination of the claimant on September 22, 2005, Dr. Lolley recommended she not return to him for at least *two years*, or before if she had acute symptoms. . . .

(R. 26.)

After the ALJ entered his decision to deny benefits, Cooper submitted additional evidence, including a June 28, 2006, physical capacities evaluation form completed by Dr. Lolley, to the Commissioner. (R. 427.) The Appeals Council concluded that the additional information did not provide a basis for changing the ALJ's determination.[4] (R. 6.) Thus, the proper inquiry is whether the Appeals Council's decision to deny benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *See Ingram v. Astrue*, 496 F.3d 1252, 1262-64 (11th Cir. 2007).

This court, however, is unable to determine whether the Commissioner's decision is supported by substantial evidence because the Appeals Council failed to resolve inconsistencies in the record. In his analysis, the ALJ relied on Dr. Lolley's treatment records between October 2004 and September 2005 to discount Dr. Davis' opinion that Cooper would be unable to lift more than five pounds occasionally, would be unable to sit or stand more than two hours a day, and would rarely be able to perform pushing and pulling movements, climb stairs, perform gross manipulation, reach overhead, or work with

---

[4] The court notes that, in its list of additional evidence, the Appeals Council lists Exhibit AC-2 as a physical capacities evaluation form and other medical records prepared by Dr. Davis. It is clear, however, that the physical capacities evaluation form was prepared by Dr. Lolley and the treatment record was prepared by Dr. Soh. (R. 425-427.)

hazardous machinery, and that her right shoulder condition, as well as her marked arthralgia and myalgia, would prevent her from performing activities. (R. 390.) The additional medical records submitted to the Appeals Council indicate that, in June 2006, Dr. Lolley completed a physical capacities evaluation form, in which he concluded that Cooper would never be able to push or pull with her right arm, climb ladders, or do any overhead reaching or gross manipulation. (R. 427.) An administrative law judge has a duty to develop a full and fair record. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985). When there is a conflict, inconsistency, or ambiguity in the record, the ALJ has an obligation to resolve the conflict, giving specific reasons supported by the evidence as to why he accepted or rejected an opinion regarding the plaintiff's capacity for work. When affirming the ALJ's decision to discount the opinion of Dr. Davis by relying on the Dr. Lolley's medical records, the Appeals Council failed to reconcile the opinion expressed by Dr. Lolley in his June 2006 physical capacities evaluation with his prior treatment records. Given these inconsistencies, this court is unable to determine whether the Commissioner's finding that Cooper can return to her past work as an outpatient clerk is supported by substantial evidence.

The Commissioner argues that this additional evidence makes no difference because the decision is supported by substantial evidence.

> Dr. Lolley's opinion is inconsistent with the record as a whole. Dr. Lolley opined that Plaintiff could never reach overhead with her right arm but Dr. Soh noted that Plaintiff had a normal range of motion in her right arm. (Tr. 427, 409). Plaintiff also had full muscle strength contrary to the assessment indicating that she could only lift five pounds occasionally and one pound frequently. (Tr. 409, 427). Furthermore, Dr. Lolley indicated that he would not need to see Plaintiff for two years, which is inconsistent with the

limitations imposed in the medical assessment. (Tr. 391).

(Comm'r Br. at 6)

The Commissioner's argument proves the point. There are inconsistencies in the record which the Commissioner through the ALJ has the responsibility to resolve. The Commissioner's argument essentially asks the court to ignore evidence which does not support the Commissioner's decision. However, it is the Commissioner's responsibility through the ALJ to resolve inconsistencies, not the court. *See e.g., Newton v. Apfel*, 209 F.3d 448, 454 (5th Cir. 2000).

Consequently, this case is due to be reversed and remanded to the Commissioner.

## V. Conclusion

Accordingly, the court concludes that this case be reversed and remanded to the Commissioner for further proceedings consistent with this opinion. It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have **ninety (90)** days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008).

A separate order shall accompany this opinion.

Done this 29th day of July, 2008.

    /s/Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).